WARNER, J.
In finding T.P., a juvenile, guilty of battery, the court rejected his self-defense claim based upon Florida’s “Stand Your Ground” law. See § 776.032, Fla. Stat. In its ruling, the court apparently determined that the statute only applied to justify the use of deadly force in the protection of one’s home or vehicle, neither of which was involved in this incident. The court erred in its construction of the statute and we reverse.
The alleged battery occurred while T.P. was riding a school bus. At the hearing on T.P.’s motion to dismiss based upon the Stand Your Ground law, a school bus driver testified that she was driving children home from middle school. T.P. and the complainant, A.F., were both on the bus. When the bus stopped, T.P. (a boy), started to get off, and A.F. (a girl) grabbed T.P.’s jacket. They started fighting. A.F., who was larger than T.P., pulled him down on a seat. The bus driver testified that A.F. first grabbed T.P. and then punched him. After A.F. grabbed his jacket T.P. fought back. T.P.’s mother and grandmother got on the bus and tried to stop the fight. The grandmother struck A.F. and then T.P. got off the bus. At that point, shei'iff s deputies came and T.P. was arrested.
In contrast to the bus driver’s testimony, A.F. testified at the hearing that T.P. was in the back of the bus, and she heard some boys talking about how they were going to fight T.P. after school. She testified that when the bus stopped at the stop where both she and T.P. got off, she was ahead of T.P. As he went up the aisle, T.P. bumped A.F. on the shoulder. After he bumped her she tapped him, pulled his jacket and said, “Hey, you just pushed me.” At that point T.P. saw his mother and grandmother coming to the bus, so he punched her in the cheek. T.P.’s mother and grandmother got on the bus and started hitting A.F.
On cross-examination, A.F. stated that T.P. bumped her and then pushed her out of the way as he was getting off the bus. He had already passed her when she “fought him down on to the seat.” Inconsistent with her earlier testimony on direct, she denied that when T.P. bumped her, she pulled his jacket. She said that when she turned around, he hit her and they started fighting.
The defense argued that section 776.032, Florida Statutes, the Stand Your Ground law, applied and that T.P. was lawfully entitled to defend himself, because, according to the bus driver, A.F. had used force against T.P. when she grabbed him by his jacket, punched him, and pulled him down into his seat. Believing that the Stand Your Ground law applied only to the defense of home or vehicle, not on a bus, the court denied the motion. After a trial on the merits, at which the bus driver did not testify, T.P. renewed his motion to dismiss on the Stand Your Ground law, which the court again denied. The court then adjudicated T.P. guilty of battery. T.P. appeals, contending that the court misconstrued the law on self-defense.
The Stand Your Ground law provides immunity from prosecution if the defendant is justified in the use of force in accordance with, among other provisions, section 776.013. Section 776.013(3), adopted as part of the Stand Your Ground law provides:
*866 A person who is not engaged in an unlawful activity and who is attacked in any other place where he or she has a right to be has no duty to retreat and has the right to stand his or her ground and meet force with force, including deadly force if he or she reasonably believes it is necessary to do so to prevent death or great bodily harm to himself or herself or another or to prevent the commission of a forcible felony.
As we explained in McWhorter v. State, 971 So.2d 154, 156 (Fla. 4th DCA 2007):
The 2005 Florida Legislature’s creation of section 776.013, Florida Statutes (2005), expanded the right of self-defense and abolished the common law duty to retreat when a person uses deadly force in self-defense to prevent imminent great bodily harm or death....
... [U]nder section 776.013, a person who is attacked is allowed to stand his or her ground and “meet force with force.” It appears that the new law places no duty on the person to avoid or retreat from danger, so long as that person is not engaged in an unlawful activity and is located in a place where he or she has a right to be. § 776.013(3), Fla. Stat. (2005).
(Internal citation omitted).
In this case, T.P. had the right to assert a defense under section 776.013(3). He was not engaged in an unlawful activity, and he had the right to be on the bus going home from school. He had no duty to retreat and, despite the trial court’s misgivings, had the right to “meet force with force” if he reasonably believed that such force was necessary to prevent great bodily harm to himself. Whether he was faced with “force” from A.F. and whether he reasonably believed that such force was necessary to prevent harm to himself were factual matters for the trial court to determine based upon a preponderance of the evidence. See Leasure v. State, 105 So.3d 5,12 (Fla. 2d DCA 2012).
The trial court rejected the application of section 776.013, misunderstanding the section to apply only to homes and vehicles. The statute is not so limited. In fact, it is extremely broad in its grant of the right of a person to protect himself or herself in any situation where the person is not engaged in an unlawful activity and is in a place where the person is entitled to be. Although the trial court’s misgivings of applying it to a fight on a school bus may be well taken, it is not the place of the trial court, or this court, to refuse to apply the plain meaning of the statute.
The written order denying the motion to dismiss stated that it was denied “for all the reasons stated on the record.” The trial court did not actually state any reasons at the hearing, except for the apparent conclusion that the statute would not apply to a person in a public place, such as a school bus. At the trial, the trial court merely adopted its prior ruling in denying the motion to dismiss based upon the Stand Your Ground claim.
Because the trial court erred in its legal conclusion that section 776.013 did not apply, we reverse for the trial court to consider the motion to dismiss under a proper construction of the statute. The issues for the trial court to determine by a preponderance of the evidence are: (1) whether A.F. was the aggressor, ie., did she first engage in force against T.P., and (2) whether T.P. was reasonable in his belief that the force that he used against A.F. was necessary to protect himself from great bodily harm. We cannot conclude either from the hearing on the motion to dismiss or from trial that the trial court made a finding on either issue.
*867 We reject, however, T.P.’s contention at trial that a mere battery of any sort implicates the Stand Your Ground law. The statute permits a person to “meet force with force.” A battery may not always be a matter of force. It may involve only an intentional “touching” against the will of the victim. See § 784.0S(l)(a), Fla. Stat. Therefore, the mere tugging at a jacket may be a battery but not an attack with force which would justify the person to use force in return. The school bus driver, however, testified that A.F. did much more than tug at T.P.’s jacket. She stated that A.F. pulled T.P. down and punched him, although A.F. denied this. The trial court did not make any findings on these issues.
Should the trial court find in favor of T.P. on both of the foregoing issues, T.P. is entitled to dismissal of the delinquency petition. If, on the other hand, the trial court determines that T.P. has not proved both issues in his favor, then the court may reimpose its adjudication and disposition.

Reversed and remanded.

DAMOORGIAN, C.J., and CONNER, J., concur.